stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *Witte* v. *United States*, 515 U. S. 389, 400 (1995) (quoting *Gryger* v. *Burke*, 334 U. S. 728, 732 (1948)). See also *Moore* v. *Missouri*, 159 U. S. 673, 677 (1895) (under a recidivist statute, "the accused is not again punished for the first offence" because "'the punishment is for the last offence committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself'"). It is thus unclear how, if at all, a defendant's criminal record beyond the requisite two prior "strikes"—petitioner in this case has eight prior felony convictions—affects the constitutionality of his sentence, especially when the State "double counts" the defendant's recidivism in the course of imposing that punishment. Cf. *Solem*, 463 U. S., at 298–299; *Rummel*, 445 U. S., at 274, n. 11.

The denial of this petition for certiorari, as always, does not constitute a ruling on the merits. Moreover, since petitioner is asking us to apply a settled rule of Eighth Amendment law, rather than to fashion a new rule, his claim may be asserted in federal court by way of an application for a writ of habeas corpus. See *Spencer* v. *Georgia*, 500 U. S. 960 (1991) (KENNEDY, J., concurring in denial of certiorari). It is therefore prudent for this Court to await review by other courts before addressing the issue. Cf. *McCray* v. *New York*, 461 U. S. 961 (1983) (opinion of STEVENS, J., respecting denial of certiorari).

JUSTICE BREYER, dissenting.

I agree with JUSTICE STEVENS that this petition for certiorari raises a serious question concerning the application of a "three-strikes" law to what is in essence a petty offense. I believe it appropriate to review that question in this case and would grant the writ of certiorari.

No. 98–6065. LOPEZ *v.* SINGLETARY, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL. Sup. Ct. Fla. Motion of petitioner to strike the appendix and portions of the brief in opposition denied. Certiorari denied.

No. 97–8515. FRANKLIN *v.* JONES, WARDEN, ET AL., *ante*, p. 828;

No. 97–8888. GREEN *v.* SPITZER, ATTORNEY GENERAL OF NEW YORK, *ante,* p. 830;

No. 97–9389. FLEMING *v.* UNITED STATES ET AL., *ante,* p. 848;

No. 97–9425. FLY *v.* GEORGIA, *ante,* p. 850;

No. 98–52. DUBIN *v.* UNITED STATES, *ante,* p. 870;

No. 98–105. URBANO *v.* CONTINENTAL AIRLINES, INC., *ante,* p. 1000;

No. 98–363. MOORE ET AL. *v.* TIME WARNER, INC., ET AL., *ante,* p. 1016;

No. 98–588. IN RE SMITH, *ante,* p. 1019;

No. 98–641. ZVENIA *v.* NEVADA, *ante,* p. 1020;

No. 98–705. SCHULER *v.* MCGRAW-HILL COS., INC., ET AL., *ante,* p. 1020;

No. 98–5841. SHERRILLS *v.* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, *ante,* p. 952;

No. 98–5990. SALLEE *v.* UNITED STATES, *ante,* p. 941;

No. 98–6062. QUARTERMAN *v.* LEWIS, JUDGE, PROBATE COURT OF CHATHAM COUNTY, GEORGIA, *ante,* p. 1006;

No. 98–6073. SIKORA *v.* HOUSTON ET AL., *ante,* p. 1006;

No. 98–6250. LOPEZ *v.* DOUGLAS, WARDEN, ET AL., *ante,* p. 1024;

No. 98–6280. FERNANDEZ *v.* HOME SAVINGS OF AMERICA, *ante,* p. 1025;

No. 98–6344. SUMLER *v.* UNITED STATES, *ante,* p. 987; and

No. 98–6525. TCHAKMAKJIAN *v.* COHEN, SECRETARY OF DEFENSE, *ante,* p. 1028. Petitions for rehearing denied.

No. 98–5735. JONES ET AL. *v.* SMITH ET AL., *ante,* p. 951. Motion for leave to file petition for rehearing denied.

No. 98–5813. SPIGELSKI *v.* MCDONALD'S, *ante,* p. 969. Petition for rehearing denied. JUSTICE BREYER took no part in the consideration or decision of this petition.

JANUARY 20, 1999

No. 98–7680 (A–581). SHEPPARD *v.* TAYLOR, WARDEN. C. A. 4th Cir. Application for stay of execution of sentence of death, addressed to THE CHIEF JUSTICE, and by him referred to the Court, denied. Certiorari denied. JUSTICE STEVENS and JUSTICE GINSBURG would grant the application for stay of execution.